**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 29, 2020[*]
Decided April 29, 2020

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2893

| | |
|---|---|
| CEZARY WOJCIK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| | |
| *v.* | No. 14-CV-4854 |
| | |
| COOK COUNTY, *et al.*, | John J. Tharp, Jr., |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Despite a state court's order that Cezary Wojcik serve his jail sentence at a health center where he could receive treatment for his health conditions (which include seizures, diabetes, Parkinson's disease, and Alzheimer's disease), officials at Cook County Jail placed him in general population and failed to provide him his medications. Wojcik sued Cook County, the county sheriff, and several prison officials for the mix-up, contending that they ignored his serious medical needs in violation of the Eighth

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Amendment. But the district court entered summary judgment for the defendants, concluding that none knew about the court's order or deliberately ignored Wojcik's medical needs. We affirm.

Wojcik was convicted in an Illinois state court in 2013 of driving under the influence, 625 ILCS 5/11-501, and sentenced to 10 days' imprisonment. Because of Wojcik's health issues, the court ordered that he serve his sentence at Cermak Memorial Hospital, a health center located within Cook County Jail. The court also attached two letters to its sentencing order: One from Wojcik's doctor, listing the medications that Wojcik needed, and one from Wojcik's lawyer, explaining the importance of Wojcik receiving his medication. The court's sentencing order referred to Wojcik by both his real name and the alias he was using at the time, "Anthony Avado."

Before Wojcik left the courthouse, Sheriff's Deputy Steve Kaloudis processed him by taking his name and creating a jail identification number. Because Wojcik provided his alias (Anthony Avado), only that name appeared on his jail intake forms. Wojcik was carrying copies of the letters from his doctor and lawyer, as well as a copy of the court's order placing him at Cermak, but Kaloudis took these documents and sealed them in a plastic bag with the rest of Wojcik's property. Another deputy brought Wojcik and his property to Cook County Jail.

When Wojcik arrived at the jail, he told an (unidentified) officer about his sentencing order and health issues. He was nonetheless placed in general population. (The record does not indicate who placed Wojcik there.) Wojcik told several members of the medical staff that he needed medication, and the staff tried to diagnose him and provide treatment. But because Wojcik had been admitted under his alias, they were unable to verify his prescriptions with his pharmacist or find them in the Illinois Controlled Substance Database.[1] Wojcik remained in jail for four days without access to his medications. (He was released early after receiving good-time credit.) Upon his release, he was experiencing shortness of breath, an abnormal heartbeat, and difficulty walking.

Wojcik brought this deliberate-indifference suit against Cook County, the Cook County Sheriff, the deputies who processed him at the courthouse and transported him

---

[1]  Under its prescription monitoring program, the Illinois Department of Health Services maintains a database of current prescriptions for controlled substances issued in the state. *See* ILLINOIS PRESCRIPTION MONITORING PROGRAM, https://www.dhs.state.il.us/page.aspx?item=97345 (last visited April 22, 2020).

to jail, and the medical professionals at the jail. 42 U.S.C. § 1983. He argued that the deputies failed to provide the sentencing order to jail officials, and that the medical staff failed to provide him his needed medication.

The district court entered summary judgment for the defendants. The court determined that, although Wojcik could show that he had serious medical needs that jail officials did not treat, none of the named defendants was responsible for this oversight. The court explained that no evidence supported Wojcik's allegation that the deputies who processed him at the courthouse and transported him to the jail failed to present the sentencing order to jail officials. Nor had Wojcik adduced evidence that any of the medical defendants violated the Eighth Amendment by intentionally disregarding his medical needs. Although the court acknowledged that several defendants "could, perhaps, have done more to ferret out Wojcik's need for medications," it concluded that it was "plain that the fundamental cause of the problem" in verifying Wojcik's medications was his use of an alias that differed from the name in which his prescriptions had been ordered.

On appeal, Wojcik spotlights his claim against Kaloudis, the deputy who processed him at the courthouse and who, Wojcik maintains, took his copy of the sentencing order and placed it with the rest of his property. But Wojcik does not point to any evidence showing that Kaloudis stopped the order from arriving at the jail or caused jail officials to ignore it. Only someone personally responsible in a constitutional violation can be held liable under § 1983. *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). And it is undisputed that Kaloudis's involvement ended when Wojcik left the courthouse. Another deputy picked up Wojcik and brought him to the jail. Even on appeal, Wojcik does not dispute that the deputy who transported him also brought his property to the jail, including the court's order.

Wojcik also asserts, for the first time, that Kaloudis disobeyed the state court's directive that both his name and alias appear on the jail intake forms and that he be allowed to carry the sentencing order on his person. But Wojcik provides no evidence that the court issued these orders and, regardless, litigants may not present on appeal evidence or arguments that they did not present to the district court. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012).

We have considered Wojcik's additional arguments, and none has merit.

AFFIRMED